Arnold B. Goldin, J.
This appeal arises from the trial court's dismissal of the plaintiff's complaint based on her failure to comply with the pre-suit notice and certificate of good faith requirements of the Tennessee Health Care Liability Act ("THCLA"). On appeal, the plaintiff contends that she was not obligated to comply with the THCLA's procedural requirements because her complaint did not assert a health care liability claim. Having reviewed the complaint, we conclude that it asserts two separate and distinct claims: one health care liability claim and one non-health care liability claim. We therefore affirm the trial court's dismissal of the health care liability claim, vacate the trial court's dismissal of the non-health care liability claim, and remand the case for further proceedings.
BACKGROUND AND PROCEDURAL HISTORY [1]
In February 2015, Deborah Lacy visited the Wellness Institute of Nashville, P.C. ("Wellness Institute") for treatment on her back. She received treatment during the visit from Dr. Kevin Mitchell, a chiropractor. On February 5, 2016, Ms. Lacy filed a complaint against Dr. Mitchell and the Wellness Institute to recover for injuries she allegedly sustained during the visit. In pertinent part, the complaint stated:
4. Plaintiff Deborah Lacy was a patient of Kevin Mitchell DC at the Wellness Institute of Nashville when he jumped on Plaintiff['s] back after he ask[ed] her to lay in/on the table with the hole for the face that was cut out. Kevin Mitchell jumped 2 (two) times on Plaintiff Lacy's back and then when he finish [ed] jumping on Plaintiff['s] back as he walked out the door Kevin Mitchell DC beat Plaintiff Deborah Lacy in the back with her *58 medical folder. As the end result splitting Plaintiff Deborah Lacy's heart.
5. On this date, January [sic] 5, 2016, Plaintiff Deborah Lacy is bringing this complaint against the Defendant because of: Failure to keep Plaintiff safe and free from bodily harm TCA 1200-08-01-12 from his self when [the] offense occurred to Plaintiff Lacy, while at the Wellness Institute of Nashville at Hermitage Tennessee, getting a treatment seen on Channel five for the spine/top part of neck on February 11, 2015.
...
10. The Plaintiff Deborah Lacy declares that the Defendant[s] Kevin Mitchell DC [and] The Wellness Institute of Nashville were out of order and violated the Human and Civil Rights of Plaintiff Deborah Lacy, while placing her under fear and duress while he stood back and plotted The Assault on Plaintiff with his physical contact and beating Kevin Mitchell DC placed upon plaintiff. Battery, and physically abused by jumping 2 times on Plaintiff Lacy['s] Back destroying Deborah Lacy's Heart. Causing Deborah Lacy anguish and destruction of Plaintiff Deborah Lacy['s] day to day living and to Plaintiff Deborah Lacy['s] body and well-being.
...
18. [Ms. Lacy is seeking] Justice for a patient that was seeking care [and] instead walked away as a battered [and] assaulted victim person with a damage [d] heart.
On February 16, 2016, Dr. Mitchell and the Wellness Institute filed a motion to dismiss Ms. Lacy's complaint with prejudice based on her failure to comply with the pre-suit notice and certificate of good faith requirements of the THCLA. See Tenn. Code Ann. §§ 29-26-121 to 122 (2012). Ms. Lacy filed a response, arguing that she was not obligated to comply with the THCLA's procedural requirements because her claims were for "beating and assault," rather than health care liability. Following a hearing, the trial court entered an order granting the motion and dismissing Ms. Lacy's complaint with prejudice based on her failure to comply with the THCLA's pre-suit notice and certificate of good faith requirements. Ms. Lacy timely filed a notice of appeal to this Court.
ISSUE
Ms. Lacy contends that the trial court erred in dismissing her complaint based on her failure to comply with the THCLA's procedural requirements.
STANDARD OF REVIEW
This case was resolved in the trial court on a motion to dismiss. A motion to dismiss is an appropriate method of challenging a plaintiff's compliance with the pre-suit notice and certificate of good faith requirements of the THCLA. Myers v. AMISUB (SFH), Inc. , 382 S.W.3d 300, 307 (Tenn. 2012). A motion to dismiss based on Tennessee Rule of Civil Procedure 12.02(6)"challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." Webb v. Nashville Area Habitat for Humanity, Inc. , 346 S.W.3d 422, 426 (Tenn. 2011). As a result, the resolution of such a motion is determined by an examination of the pleadings alone. Id. When considering a motion to dismiss, the court "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." Id. The court should grant the motion "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Id. On appeal, we review the trial court's resolution *59 of a motion to dismiss de novo with no presumption of correctness. Phillips v. Montgomery Cnty. , 442 S.W.3d 233, 237 (Tenn. 2014).
This appeal requires us to address issues of statutory interpretation. When determining the meaning of a statute, the court's primary duty "is to carry out legislative intent without broadening or restricting the statute beyond its intended scope." Harris v. Haynes , 445 S.W.3d 143, 146 (Tenn. 2014). In doing so, the court should aim to construe the statute in a reasonable manner that "avoids statutory conflict and provides for harmonious operation of the laws." Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC , 433 S.W.3d 512, 517 (Tenn. 2014). The court's analysis begins by looking to the words the General Assembly has used in the statute. Id. When the language used in the statute is clear and unambiguous, the court should apply its plain meaning and enforce the statute as written without any forced or subtle construction that would extend its meaning. Baker v. State , 417 S.W.3d 428, 433 (Tenn. 2013). We review trial court decisions on issues of statutory interpretation de novo with no presumption of correctness. See Davis ex rel. Davis v. Ibach , 465 S.W.3d 570, 573 (Tenn. 2015).
Finally, we recognize that Ms. Lacy is representing herself pro se on appeal as she did in the trial court. Parties who decide to represent themselves are entitled to equal treatment by the court. Murray v. Miracle , 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). The court should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. Id. However, the court must also be mindful of the boundary between fairness to the pro se litigant and unfairness to the pro se litigant's adversary. Id. While the court should give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs, it must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. Hessmer v. Hessmer , 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). With the foregoing principles in mind, we turn now to consider the issue on appeal.
DISCUSSION
The THCLA imposes certain procedural requirements on a party advancing a health care liability claim in Tennessee.[2] Specifically, it provides that any person asserting a potential claim for health care liability must give written notice of the potential claim to each health care provider that will be a named defendant at least 60 days before the filing of the complaint. Tenn. Code Ann. § 29-26-121(a)(1). It also provides that the plaintiff must file a certificate of good faith with the complaint in any health care liability action in which expert testimony is required. Tenn. Code Ann. § 29-26-122(a). A plaintiff's failure to comply with those procedural requirements in advancing a health care liability claim will make the action subject to dismissal. Tenn. Code Ann. § 29-26-122(c) (providing that failure to comply with the certificate of good faith requirement will make the action subject to dismissal with prejudice); Foster v. Chiles , 467 S.W.3d 911, 916 (Tenn. 2015) (holding that dismissal without prejudice is the appropriate sanction for noncompliance with the pre-suit notice requirement).
*60 On appeal, Ms. Lacy does not dispute her noncompliance with the THCLA's procedural requirements. Rather, she asserts that the trial court erred in concluding that her noncompliance was a basis for dismissing the complaint. Specifically, she contends that she was not obligated to comply with the THCLA's procedural requirements because her complaint did not assert a claim for health care liability.
The THCLA defines a "health care liability action" as "any civil action ... alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." Tenn. Code Ann. § 29-26-101(a)(1). It further states that "[h]ealth care services to persons includes care by health care providers ... employees and representatives of the provider, and also includes staffing, custodial or basic care, positioning, hydration and similar patient services." Tenn. Code Ann. § 29-26-101(b). Finally, it provides, "[a]ny such civil action or claim is subject to this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint." Tenn. Code Ann. § 29-26-101(c).
Ms. Lacy contends that the complaint is not governed by the THCLA because her claims are rooted in intentional tort rather than medical negligence. As an initial matter, we conclude that this argument is without merit in light of the THCLA's directive that any civil action otherwise meeting its definition of a health care liability action is subject to its terms "regardless of the theory of liability on which the action is based." Tenn. Code Ann. § 29-26-101(a)(1). Nevertheless, we must still determine whether any of Ms. Lacy's claims meets the definition of a "health care liability action." There is no dispute that Dr. Mitchell and the Wellness Institute are health care providers as that term is used in the THCLA. See Tenn. Code Ann. § 29-26-101(a)(2) (defining the term "health care provider"). As such, we focus our inquiry on whether the complaint alleges that Ms. Lacy suffered an injury related to the provision of health care services.
Ms. Lacy's complaint alleges Dr. Mitchell caused her injuries by two separate, wrongful acts. Construing the complaint liberally and allowing Ms. Lacy the benefit of all reasonable inferences, as we are bound to do at this stage of the proceedings, we therefore conclude that it asserts two cognizable claims. First, the complaint alleges that Dr. Mitchell battered and assaulted Ms. Lacy by jumping on her back. Second, the complaint alleges that Dr. Mitchell battered and assaulted Ms. Lacy by hitting her in the back with a medical folder. We will examine each of the claims separately.
With regard to the first claim, Paragraph 4 of Ms. Lacy's complaint states: "Plaintiff Deborah Lacy was a patient of Kevin Mitchell DC at the Wellness Institute of Nashville when he jumped on Plaintiff['s] back after he ask[ed] her to lay in/on the table with the hole for the face that was cut out." By its own wording, that allegation indicates that Ms. Lacy was injured while lying on a chiropractic table, during a chiropractic appointment, when a chiropractor (Dr. Mitchell) applied force to her back by jumping on it. In our view, such an injury would undeniably be related to the provision of chiropractic health care services. That claim therefore fits the THCLA's definition of a "health care liability action," and Ms. Lacy was required to comply with the THCLA's procedural requirements in advancing it. It is undisputed that Ms. Lacy neither provided a pre-suit notice of the claim nor submitted a *61 certificate of good faith with her complaint. Although failure to comply with the certificate of good faith requirement may be excused when the claim falls into the "common knowledge" exception, that exception is not applicable here. See Shipley v. Williams , 350 S.W.3d 527, 537 (Tenn. 2011) (discussing the statutory expert proof requirements). Health care liability cases falling within the "common knowledge" exception typically involve unusual injuries and particularly obvious instances of medical negligence such as a sponge or needle being left inside a patient after surgery. See Seavers v. Methodist Med. Ctr. of Oak Ridge , 9 S.W.3d 86, 92 (Tenn. 1999). Ms. Lacy's claim that Dr. Mitchell injured her heart by jumping on her back is not so unusual or obvious that it falls within the exception. Ms. Lacy was therefore required to provide a certificate of good faith with her complaint in order to advance that claim, and her failure to do so made the claim subject to dismissal with prejudice.
With regard to the second claim, Paragraph 4 of Ms. Lacy's complaint states: "[W]hen he finish[ed] jumping on Plaintiff['s] back as he walked out the door Kevin Mitchell DC beat Plaintiff Deborah Lacy in the back with her medical folder." While that statement also alleges that Ms. Lacy was injured during a chiropractic appointment when a chiropractor applied force to her back, it does not contain any other indication that the alleged wrongful act was related to the provision of chiropractic health care services. Rather, it alleges that the act took place after Dr. Mitchell finished jumping on her back-an act that we determined was related to the provision of health care services. Additionally, unlike the first claim, it does not state that Ms. Lacy was lying on the chiropractic table when Dr. Mitchell hit her in the back with her medical folder. Rather, it states only that Dr. Mitchell struck Ms. Lacy with the folder "as he walked out the door." Thus, while it is still reasonable to infer that the alleged act was related to the provision of heath care services, it is equally reasonable, in our view, to infer that the act took place after Dr. Mitchell finished providing health care services to Ms. Lacy and was leaving the appointment. As such, it is not apparent from the face of Ms. Lacy's complaint that the second claim fits the THCLA's definition of a "health care liability action." While we recognize that further evidence may show otherwise, we are not prepared to hold that Ms. Lacy can prove no set of facts in support of the claim that would warrant relief. Accordingly, we cannot conclude that, as a matter of law, Ms. Lacy was required to comply with the THCLA's procedural requirements in advancing this separate and distinct claim.
At oral argument, Dr. Mitchell and the Wellness Institute asserted through counsel that when a complaint contains both a health care liability claim and a non-health care liability claim, the plaintiff's failure to comply with the THCLA's procedural requirements in advancing the health care liability claim necessitates dismissal of the complaint as a whole. Accordingly, they argued that even if Ms. Lacy's second claim was not governed by the THCLA, it was subject to dismissal along with her first claim. While Tennessee Code Annotated section 29-26-101(c) states that "[a]ny such civil action or claim is subject to this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint," we do not interpret that language as requiring such a result. Such a broad interpretation of the statute would defy logic by allowing for the dismissal of non-health care liability claims based on noncompliance with procedural requirements that do *62 not apply to them. In our view, that language merely clarifies that a plaintiff whose complaint asserts a health care liability claim is not excused from compliance with the THCLA in advancing that claim merely because the complaint also asserts non-health care liability claims. This Court's opinion in Igou v. Vanderbilt University supports that interpretation. No. M2013-02837-COA-R3-CV, 2015 WL 1517794 (Tenn. Ct. App. Mar. 27, 2015). In that case, the plaintiffs filed a complaint in which they asserted two separate health care liability claims against the defendant. Id. at *1. However, the plaintiffs' pre-suit notice only identified one of the potential claims, and the trial court dismissed the claim for which no pre-suit notice was given. Id. at *2. On appeal, this Court agreed that when multiple claims are asserted in a single complaint the THCLA requires pre-suit notice of each separate health care liability claim. Id. at *5. Thus, while not precisely analogous to the case before us, Igou demonstrates that application of the THCLA and compliance with its procedural requirements should be considered with respect to each separate claim rather than with respect to the complaint as a whole. We therefore reject the notion that a plaintiff's failure to comply with the THCLA in advancing a health care liability claim subjects other non-health care liability claims advanced in the complaint to dismissal.
CONCLUSION
In sum, we conclude that Ms. Lacy's complaint states two claims. First, the complaint states a claim that arises from Dr. Mitchell jumping on Ms. Lacy's back while providing treatment to her. We conclude that this first claim fits the definition of a health care liability action. Ms. Lacy was therefore required to comply with the THCLA's procedural requirements in advancing this claim. Because she failed to do so, we affirm the trial court's dismissal of Ms. Lacy's first claim. Second, the complaint states a claim that arises from Dr. Mitchell hitting Ms. Lacy in the back with a medical folder as he was leaving the treatment room. Construing the complaint liberally, presuming all factual allegations to be true, and giving Ms. Lacy the benefit of all reasonable inferences, we conclude that it is not apparent from the face of the complaint that this second claim was a health care liability action governed by the THCLA. The second claim was therefore not subject to dismissal based on Ms. Lacy's failure to comply with the THCLA at this stage of the proceedings. We vacate that portion of the trial court's judgment dismissing Ms. Lacy's second claim and remand the case for further proceedings consistent with this Opinion. Costs of this appeal are taxed one-half to the appellant, Deborah Lacy, and one-half to the appellees, Kevin Mitchell, D.C. and the Wellness Institute, for which execution may issue if necessary. Because Deborah Lacy is proceeding in forma pauperis in this appeal, execution may issue for costs if necessary.

The facts set forth in this section are derived from the allegations of the complaint, which we accept as true at this stage of the proceedings, and the record submitted on appeal.

For further discussion of the THCLA and its development over the past decade, see Ellithorpe v. Weismark , 479 S.W.3d 818, 824-26 (Tenn. 2015).