NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0244n.06

Case No. 20-6092

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

REUBEN HENRY GREEN, II, for and on behalf of the
Estate of Mildred Elizabeth Green, deceased,

  Plaintiff-Appellant,

v.

U.S. RENAL CARE, INC.,

  Defendant-Appellee,

JOHN DOES 1–10; XYZ CORPORATIONS 1–10,

  Defendants,

STATE OF TENNESSEE,

  Intervenor.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
May 18, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

OPINION

BEFORE: STRANCH, BUSH, and READLER, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Reuben Green alleges that his mother, Mildred Green, passed away from an infection caused by bed-bug bites that she suffered while seeking dialysis treatment at U.S. Renal Care. He sued the facility on her behalf. But before he sued, Green did not provide written notice of his potential claims to U.S. Renal Care as the Tennessee Health Care Liability Act requires for health-care-liability claims. He offers two arguments for why that notice was not required: the pertinent section of the act is unconstitutionally vague and his claims are not

for health care liability. We find the first argument forfeited, the second unpersuasive. We therefore affirm.

\* \* \*

In January 2020, Green filed a complaint in a state-court action that was removed to federal court, alleging the following facts. In March 2018, his mother, Mildred Green, went for dialysis treatment at U.S. Renal Care. There, bed bugs caused severe injuries to her, including an infection in her leg, which later required amputation. Three days after the amputation procedure, Mildred passed away. In response to her death, Green brought claims against U.S. Renal Care for negligence and vicarious liability.

The district court determined that the "only reasonable inference to make from the Complaint" was that both of Green's claims were for health care liability. Because the Tennessee Health Care Liability Act requires a person "asserting a potential claim for health care liability" to give written notice to the health care provider sixty days prior to suit, and Green did not give that notice, the court dismissed his complaint. Tenn. Code Ann. § 29-26-121(a)(1).

Green appeals that dismissal, arguing that the statute is unconstitutionally vague and that his claims are not for health care liability. We need not consider Green's first argument because he has forfeited it.[1] As both U.S. Renal Care and the State of Tennessee (which intervened to defend its statute's constitutionality) explain, Green did not raise his constitutional argument before the district court. So forfeiture applies. *Greer v. United States*, 938 F.3d 766, 770 (6th Cir.

---

[1] At points in their briefing, both U.S. Renal Care and the State of Tennessee label the forfeiture as waiver, but it is properly understood as forfeiture. *See Watkins v. Healy*, 986 F.3d 648, 667 n.25 (6th Cir. 2021) ("Waiver is affirmative and intentional, whereas forfeiture is a more passive failure to make the timely assertion of a right." (quoting *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019))).

2019) ("When a party neglects to advance a particular issue in the lower court, we consider that issue forfeited on appeal.").[2]

Green's second argument, though preserved, fares little better. The relevant statute requires a person "asserting a potential claim for health care liability [to] give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint." Tenn. Code Ann. § 29-26-121(a)(1). It defines a "[h]ealth care liability action" as "any civil action . . . alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." *Id*. § 29-26-101(a)(1). And it defines "[h]ealth care services" to include "staffing, custodial or basic care, positioning, hydration and similar patient services." *Id.* § 29-26-101(b).

Green's claims fall within the definition of a health-care-liability action. We consider the issue de novo and construe the complaint's factual allegations in the light most favorable to Green. *West v. Ky. Horse Racing Comm'n*, 972 F.3d 881, 886 (6th Cir. 2020). But we have little new to add to the district court's analysis, and Green's claims look no better in the favorable light. Like the district court, we find that the "only reasonable inference to make" from the complaint is that, as alleged, Mildred's injury was "related to the provision of . . . health care services." Tenn. Code Ann. § 29-26-101(a)(1). Several of the complaint's allegations make that clear. For example, it alleges that Mildred went to U.S. Renal Care "for dialysis treatment," that U.S. Renal Care failed to provide a "clean and safe environment for" patients, that Mildred's "evaluation and treatment" were below acceptable standards of care, and that U.S. Renal Care's employees performed acts

---

[2] Green's only response is that he "could suffer an extreme miscarriage of injustice [sic] to no fault of his own" if we do not consider his argument. If Green is not at fault for failing to raise his constitutional argument before the district court, we are uncertain who is. In any event, that response fails to provide a "compelling reason[] to justify departing from our usual practice." *Greer*, 938 F.3d at 770.

"while caring for and treating" Mildred. Each of those allegations involves a connection to Mildred's dialysis treatment and presupposes that the bed-bug bites occurred in relation to that treatment.

Green argues that when the complaint is viewed in the light most favorable to him, one may reasonably infer that Mildred was injured while sitting in the waiting room before or after receiving treatment. But such an inference is not reasonable from the complaint's allegations, which—even viewed in the required light—suggest that the bed-bug bites occurred during treatment. And even if that inference were reasonable, the claims would still relate to the provision of health care services. Those services include "custodial or basic care," which would encompass cleaning waiting-room seats that patients use in connection with treatment. Tenn. Code Ann. § 29-26-101(b).

True, not every injury that occurs "within the confines of a medical facility" falls under the definition of a health-care-liability action. *Cordell v. Cleveland Tenn. Hosp., LLC*, 544 S.W.3d 331, 339 (Tenn. Ct. App. 2017) (concluding that a claim alleging a rape at a health care facility was outside the definition); *see also Lacy v. Mitchell*, 541 S.W.3d 55, 61 (Tenn. Ct. App. 2016) (concluding that an allegation that the defendant hit the plaintiff with a folder as she walked out the door after an appointment could fall outside the definition). But an injury occurring from sitting on a chair in a waiting room while a patient waits for or recovers from treatment necessarily relates to that treatment. The injury is "logically connected with the provision of health care services." *Cordell*, 544 S.W.3d at 338. Unlike in *Lacy*, where being hit by a folder when leaving an appointment was not connected to treatment, sitting in a waiting room even after treatment would be so connected. *See Johnson v. Knoxville HMA Cardiology PPM, LLC*, No. E2019-00818-COA-R3-CV, 2020 WL 1482450, at *7 (Tenn. Ct. App. Mar. 20, 2020) (holding that the plaintiff's

negligence claim for falling off an examination table was for health care liability, "[r]egardless of whether [his] medical appointment had ended, [because] his position on the examination table was 'related to the provision of, or failure to provide, health care services'" (quoting Tenn. Code Ann. § 29-26-101(a)(1))).

*    *    *

Accordingly, we affirm the district court's judgment granting dismissal of Green's complaint.