IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 2, 2020

## TIMOTHY WEAKLEY v. FRANKLIN WOODS COMMUNITY HOSPITAL ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 39481    J. Klyne Lauderback, Jr., Judge**

_____

### No. E2020-00591-COA-R3-CV

_____

This is an appeal from a trial court's order dismissing a claim of false imprisonment against a hospital and two of its employees, wherein the trial court found that the acts alleged all constituted "health care services" as defined by the Tennessee Healthcare Liability Act. Specifically, the trial court found that the Appellant failed to provide pre-suit notice and failed to file a certificate of good faith as required by statute. As a result, the trial court dismissed the Appellant's claims with prejudice. The Appellant now appeals the trial court's decision. For the reasons contained herein, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Timothy Weakley, Johnson City, Tennessee, Pro se.

Mark A. Castleberry and T. Mitchell Panter, Knoxville, Tennessee, for the appellees, Ashley Shelton, and Mark W. Ingram.

Frank H. Anderson, Jr., Johnson, Tennessee, for the appellee, Franklin Woods Community Hospital.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On October 31, 2019, Timothy Weakley ("Appellant") was involved in a motor vehicle accident. The following day, he presented to Franklin Woods Community Hospital

("FWCH") to receive medical care as a result of injuries allegedly received in the accident. The present litigation, which stems from the Appellant's stay at FWCH, was commenced a week later on November 8, 2019. In his complaint, the Appellant asserted a claim of false imprisonment and sued FWCH, and a nurse, and a physician's assistant employed at the hospital.

According to his complaint, the Appellant presented with "head and neck pain as well as a sensation that [the Appellant] had a particle of glass in his left eye." The Appellant alleged that, upon being placed in a room, he gave blood and urine samples and later underwent a CT scan. Further, he asserted that his CT scan showed no signs of any structural damage, whereas his blood work showed elevated blood sugar levels. According to the Appellant, a "community navigator," who was employed by the hospital, later entered his room, requesting that he participate in a "brief and voluntary survey" to help FWCH "build statistical data that would be used to help combat opioid abuse." The Appellant alleged that a portion of the survey was dedicated to mental health.

The Appellant's complaint alleged that after the "community navigator" asked him if he had "ever had suicidal thoughts," he disclosed that he had previously had suicidal thoughts after the passing of his grandmother twenty years earlier. According to the complaint, the survey then concluded and the "community navigator" left the room. Shortly thereafter, however, Ashley Skelton, APRN, ("Nurse Skelton")[1] allegedly entered the room and told the Appellant that she was "compelled by state law and hospital policy to administer a mental health assessment." The Appellant asserted that Nurse Skelton then proceeded to question him as to whether he had experienced suicidal thoughts "now or recently," to which he responded in the negative. Nurse Skelton then allegedly informed the Appellant that she "want[ed] to admit [him] to the hospital," to which Appellant declined. According to the Appellant, Nurse Skelton then explained that she was "going to give [the Appellant] insulin and fluids." After insulin and fluids were administered, the Appellant allegedly attempted to leave the hospital when he was stopped by an unidentified nurse who stated that a hold had been placed on the Appellant until he spoke with a "psychologist." The Appellant's complaint does not identify the person who ordered the hold. According to the complaint, Mark Ingram, a physician's assistant, ("PA Ingram") later entered the room, informing the Appellant that the Appellant's doctor had placed a hold against him and that he was not permitted to leave until the Appellant saw a "behavioral specialist." The Appellant alleged that PA Ingram, when questioned as to the grounds for the hold, read from a document which stated that "[the Appellant] states that he has recent trouble sleeping and feels depressed. He denies being suicidal or homicidal at this time." According to the complaint, the Appellant again spoke to PA Ingram later that same evening, informing him that he wished to call the Johnson City Police Department to report a claim of false imprisonment. Allegedly, instead of calling the

---

[1] Although we note that Nurse Skelton's surname alternatively appears as "Nurse Shelton" in parts of the record, for purposes of this Opinion, we employ the spelling utilized in the text of her brief.

police, the Appellant was released from his hold and permitted to leave FWCH.

After the Appellant's complaint was filed against FWCH, Nurse Skelton, and PA Ingram (collectively "Appellees") each of the Appellees separately filed motions to dismiss in December 2019. Specifically, the Appellees cited the Appellant's failure to comply with the pre-suit notice and the certificate of good faith requirements of the Tennessee Health Care Liability Act (the "THCLA"), as codified in Tennessee Code Annotated sections 29-26-121 and 29-26-122. The Appellant then proceeded to move for summary judgment under a theory that the Appellees, by filing their respective motions to dismiss, "admitted to the truthfulness of all of the relevant and material facts alleged in the underlying complaint for false imprisonment" and therefore "the underlying facts are no longer in dispute." By order dated March 2, 2020, the Circuit Court for Washington County granted the Appellees' motions to dismiss, finding that the acts alleged came under the purview of the THCLA and that the Appellant failed to comply with the pre-suit notice requirement of Tennessee Code Annotated section 29-26-121 and the certificate of good faith requirement in Tennessee Code Annotated section 29-26-122. As a result, the trial court dismissed the Appellant's claims against the Appellees with prejudice. The Appellant now appeals this decision.

## ISSUES PRESENTED

As we perceive it, the Appellant presents three separate issues for our review on appeal:

1. Whether the acts giving rise to the complaint constitute a health care liability action under the THCLA.
2. Whether the trial court erred when it dismissed his claim with prejudice due to the failure to provide a certificate of good faith pursuant to Tennessee Code Annotated section 29-26-122.
3. Whether the trial court erred when it dismissed his claim with prejudice due to the failure to provide pre-suit notice pursuant to Tennessee Code Annotated section 29-26-121.

## STANDARD OF REVIEW

Our Supreme Court has previously noted the following regarding the standard of review as it pertains to a motion to dismiss a health care liability action based upon a plaintiff's failure to comply with Tennessee Code Annotated sections 29-26-121 and 29-26-122:

> The proper way for a defendant to challenge a complaint's noncompliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of

Civil Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

Because the trial court's denial of the Defendants' motion involves a question of law, our review of that determination is de novo with no presumption of correctness. *Graham v. Caples*, 325 S.W.3d 578, 581 (Tenn. 2010). The question of whether [the plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings. *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011) …. We examine the legal sufficiency of the complaint and do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in favor of the plaintiff. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011).

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307-08 (Tenn. 2012).

We recognize that the Appellant is proceeding pro se on this appeal as he did in the trial court. "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)). Accordingly, courts should take into consideration that many pro se litigants "have no legal training and little familiarity with the judicial system." *Id.* (citing *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988)). In reviewing a pro se litigant's pleadings and briefs, we measure the papers prepared by pro se litigants "using standards that are less stringent than those applied to papers prepared by lawyers." *Id.* (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)). Nevertheless, the courts must remain "mindful of the

boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id*. Therefore, the courts may not "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id*. (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996)).

## DISCUSSION

As we previously noted, the Appellant has presented three separate issues on appeal. The Appellees argue that the Appellant's appeal should be dismissed for failure to comply with Tennessee Rule of Appellate Procedure 27 or Tennessee Court of Appeals Rule 6. We agree that the Appellant's brief does not comply with Rule 27(a) of the Tennessee Rules of Appellate Procedure, as his brief, for example, contains no statement of facts.[2] Although the Appellant's brief leaves much to be desired in places and is not a model of clarity, we exercise our discretion to review the substance of each issue he has raised notwithstanding the brief's deficiencies.[3]

*Whether the Appellant's Complaint Constitutes a "Health Care Liability Action"*
*under § 29-26-101(a)(1)*

The Appellant asserts that his complaint does not come under the purview of the THCLA because it does not involve the provision of health care services as defined by the statute. Rather, he argues that his claim of false imprisonment is one of common law tort and therefore not subject to any of the requirements in the THCLA.

Tennessee Code Annotated section 29-26-101(a)(1) defines a "health care liability action" as

> any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based[.]

---

[2] Rule 27(a) of the Tennessee Rules of Appellate Procedure states that an appellant's brief shall, among other things, contain:

> (1) A table of contents, with reference to the pages in the brief; (2) A table of authorities, including cases . . . statutes and other authorities cited, with references to the pages in the brief where they are cited; . . .; (6) A statement of facts[.]

Tenn. R. App. P. 27(a).

[3] Pursuant to Rule 2 of the Tennessee Rules of Appellant Procedure, this Court has the discretion to suspend the requirements of our procedural rules in a particular case. Tenn. R. App. P. 2. However, our decision to review the Appellant's appeal should not be construed as an invitation to litigants to proceed in noncompliance with the appellate rules, as this Court may not be as forgiving in the future.

Tenn. Code Ann. § 29-26-101(a)(1). These health care services are further defined by the act as including

> care by health care providers, which includes care by physicians, nurses, licensed practical nurses, pharmacists, pharmacy interns or pharmacy technicians under the supervision of a pharmacist, orderlies, certified nursing assistants, advanced practice nurses, physician assistants, nursing technicians and other agents, employees and representatives of the provider, and also includes staffing, custodial or basic care, positioning, hydration and similar patient services.

Tenn. Code Ann. § 29-26-101(b). Therefore, any claims relating to the provision of health care services by health care providers will come under the purview of the THCLA.

It requires no further analysis to determine that the Appellees are all considered "health care provider[s]" as defined by the THCLA. *See* Tenn. Code Ann. § 29-26-101(b). Rather, the dispositive question is whether the actions giving rise to the Appellant's claim of false imprisonment relate to the provision of health care services and therefore require application of the THCLA.

In the present case, the Appellant originally presented himself to FWCH with complaints of head and neck pain stemming from an automobile accident in which he was involved that occurred the previous day. However, according to the Appellant, while in the care of FWCH, a hold was placed on him for evaluation by a mental health professional based on responses he provided to a mental health assessment given by a "community navigator" while at the hospital. The Appellant argues that his claim of false imprisonment constitutes a separate tort claim rather than a health care liability action. Respectfully, we disagree. The conduct alleged by the Appellant in his complaint clearly falls within the purview of actions covered by section 29-26-101(a). Although the hold placed on the Appellant for further mental evaluation could potentially be considered unrelated to his presenting complaints of head and neck pain, it still arises from the provision of health care services. Again, under the THCLA, a health care liability action includes *any* civil action that alleges a health care provider has "caused an injury related to the provision of, or failure to provide, health care services to a person, *regardless* of the theory of liability on which the action is based." Tenn. Code Ann. § 29-26-101(a)(1) (emphasis added). Here, the Appellant is alleging that the Appellees caused an injury to him when he was forced to stay at the hospital for almost two additional hours due to a hold placed on him at the hospital. This hold was based on answers the Appellant previously gave to a "community navigator," employed by the hospital, while in the hospital's care concerning his past and present mental health. Here, because the facts make clear that the services provided to the Appellant relate to the provision of mental health services, the THCLA applies. Indeed, one court has previously found that health care liability under the THCLA encompasses claims relating to the provision of mental health services. *See Bauer v. Fitzhugh*, No. 2:18-

cv-01293, 2020 WL 6134989, at \*5 (M.D. Tenn. Oct. 19, 2020) (citing *Cannon v. McKendree Vill., Inc.*, 295 S.W.3d 278, 279, 283 (Tenn. Ct. App. 2008) (finding there to be a THCLA claim when deciding whether to restrain a patient with dementia and Alzheimer's disease)).

Based upon on our review of the record and the facts alleged in the Appellant's complaint, we conclude that the acts giving rise to the complaint relate to the provision of health care services by health care providers, and therefore the complaint is subject to the THCLA.

*Whether the Trial Court Erred in Dismissing the Appellant's Complaint with Prejudice for Failure to Provide a Certificate of Good Faith Pursuant to § 29-26-122*

The Appellant also asserts that the trial court erred when it dismissed his complaint with prejudice due to his failure to provide a certificate of good faith pursuant to Tennessee Code Annotated section 29-26-122. Specifically, the Appellant argues that his false imprisonment claim does not require medical expert testimony and is thus exempt from the certificate of good faith requirement. Although the Appellant does not specify, it appears that he is arguing that his claim comes under the common knowledge exception to the certificate of good faith requirement.

Tennessee Code Annotated section 29-26-122(a) states that "[i]n any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." Tenn. Code Ann. § 29-26-122(a). Subsection (c) of that statute also provides that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." Tenn. Code Ann. § 29-26-122(c). However, the need to provide a certificate of good faith will be obviated if the claim comes under the "common knowledge" exception. *Lacy v. Mitchell*, 541 S.W.3d 55, 61 (Tenn. Ct. App. 2016). "Health care liability cases falling within the 'common knowledge' exception typically involve unusual injuries and particularly obvious instances of medical negligence such as a sponge or needle being left inside a patient after surgery." *Id*. (citing *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999)). The *Seavers* court explained that in cases falling under the common knowledge exception, "[j]urors . . . are permitted to infer negligence based upon a common-sense understanding that such injuries do not ordinarily occur unless the attending physician or health-care provider was somewhat negligent." *Seavers*, 9 S.W.3d at 92. The Tennessee Supreme Court has previously observed the applicability of the common knowledge exception to health care liability claims, noting that there must be a "fundamental consideration of whether the conduct at issue involved the exercise of medical judgment or skill." *Jackson v. Burrell*, 602 S.W.3d 340, 350 (Tenn. 2020). Specifically, the Supreme Court maintained that that this consideration involves a determination as to

whether the alleged negligent conduct involved technical or specialized knowledge of a medical procedure or a patient's medical condition or whether the alleged negligent conduct involved medical decision-making – such as determining the type of treatment or procedure to perform or the type of equipment or medicine to use. If so, then expert proof would be necessary.

*Id.*

In answering the question as to whether, under the facts of this case, the common knowledge exception obviates the need for the Appellant to provide a certificate of good faith, we conclude that it does not. Although the Appellant is correct that false imprisonment typically arises as a common law tort rather than a health care liability action, he fails to acknowledge the presence in this case of medical judgment in the acts alleged in his complaint. As we noted earlier, the Appellant underwent a mental health assessment, resulting in a hold placed on the Appellant until further evaluation could be completed. While a typical claim for false imprisonment may be decided without the introduction of expert testimony, the same is not always true for claims arising from acts performed when exercising medical judgment or skill. In the instant case, the decision to place a hold on the Appellant required *some* exercise of medical judgment. It does not follow that a layperson would necessarily have the understanding or training that would enable them to determine whether the Appellant's claim has any merit. Rather, an expert qualified to speak on matters involving medical judgment in terms of placing a hold on patients for mental health assessments in the context of the facts of this case would be required to provide a jury with the appropriate knowledge to make such a determination.

Because we conclude that the actions giving rise to the Appellant's claim of false imprisonment involve the exercise of medical judgment such that expert testimony is required, we hold that the Appellant's claim does not come under the common knowledge exception. Therefore, we affirm the trial court's decision to dismiss the Appellant's claim with prejudice for failure to comply with § 29-26-122.

*Whether the Trial Court Erred in Dismissing the Appellant's Complaint with Prejudice for Failure to Provide a Pre-Suit Notice under § 29-26-121(a)(1)*

When a complaint is subject to the THCLA, as is the case here, it is subject to the pre-suit notice requirement set forth in Tennessee Code Annotated section 29-26-121(a)(1). Tennessee Code Annotated section 29-26-121(a)(1) states that:

[a]ny person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Tenn. Code Ann. § 29-26-121(a)(1). Here, it is undisputed that the Appellant failed to provide pre-suit notice to the Appellees as required by the statute. The Appellant contends, however, that the trial court erred when it dismissed his complaint against the Appellees with prejudice due to his failure to provide pre-suit notice under section 29-26-121(a)(1). Rather, he argues, his complaint should have been dismissed without prejudice.

Section 29-26-121(a)(1) does not itself "provide for a penalty or consequence for failing to provide pre-suit notice." *Foster v. Chiles*, 467 S.W.3d 911, 916 (Tenn. 2015). The Tennessee Supreme Court previously held that "dismissal without prejudice is the proper sanction for noncompliance with section 29-26-121(a)(1)." *Id.* However, while a complaint brought under the THCLA without pre-suit notice is subject to dismissal without prejudice, the same is not true of complaints with additional deficiencies under the THCLA. In *Ellithorpe v. Weismark*, 479 S.W.3d 818, 829-30 (Tenn. 2015), the Tennessee Supreme Court held that although failure to provide pre-suit notice typically warrants dismissal without prejudice, the fact that this was coupled with the parties' failure to provide a certificate of good faith required that the complaint be dismissed with prejudice.

Thus, although the Appellant is correct that a failure to provide pre-suit notice pursuant to section 29-26-121(a)(1) typically requires a dismissal without prejudice, in this case the Appellant also failed to comply with the certificate of good faith requirement. As *Ellithorpe* instructs, when the failure to provide pre-suit notice is coupled with the failure to provide a certificate of good faith, dismissal *with* prejudice is the appropriate remedy. *See Ellithorpe*, 479 S.W. 3d at 829-30.

Therefore, because the Appellant failed to provide both pre-suit notice as required under section 29-26-121(a)(1), and a certificate of good faith required under section 29-26-122, the trial court was correct in dismissing his complaint with prejudice.

**CONCLUSION**

Based on the foregoing, we affirm the trial court's order dismissal of the Appellant's claim with prejudice for failure to comply with the requirements set forth in the THCLA.

_____
ARNOLD B. GOLDIN, JUDGE