IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 12, 2014 Session

## GRIFFITH SERVICES DRILLING, LLC, ET AL.
## v. ARROW GAS & OIL, INC.

**Appeal from the Circuit Court for Anderson County**
**No. B1LA0022      Donald R. Elledge, Judge**

**No. E2013-01349-COA-R3-CV-FILED-MAY 27, 2014**

Griffith Services Drilling, LLC ("Griffith") and Lexington Insurance Company, Griffith's insurance company, sued Arrow Gas & Oil, Inc. ("Arrow") for property damage caused by a fire that occurred while Arrow was refueling a drilling rig operated by Griffith in Anderson County, Tennessee ("the Drilling Site"). Arrow answered the complaint and counterclaimed for breach of contract based upon Griffith's refusal to pay for the fuel delivered by Arrow on the day of the fire. Arrow also filed a motion to dismiss for spoliation, which the Circuit Court for Anderson County ("the Trial Court") granted dismissing Griffith's claims against Arrow. Arrow then filed a motion for summary judgment on its counterclaim, which the Trial Court granted in part. Griffith appeals to this Court raising issues regarding the dismissal of their claims and the grant of summary judgment to Arrow. We find and hold that both Griffith and Arrow were guilty of spoliation, and, therefore, that dismissal of Griffith's claims was not an appropriate sanction. We vacate the dismissal of Griffith's claims against Arrow and reinstate them. Because the Trial Court granted Arrow summary judgment based upon its decision on the issue of spoliation, and we have vacated the Trial Court's decision on the issue of spoliation, we also vacate the grant of summary judgment to Arrow.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Christopher P. Capps, Morrestown, Tennessee, and Max D. Picklesimer, Nicholasville, Kentucky for the appellants, Griffith Services Drilling, LLC and Lexington Insurance Company.

W. Bryan Brooks and Alisha M. Toll, Nashville, Tennessee, for the appellee, Arrow Gas & Oil, Inc.

## OPINION

## Background

On June 10, 2008 Tommy Burress, an employee of Arrow, went to the Drilling Site to deliver fuel.[1]  An alleged overflow of fuel occurred during the fuel delivery followed by a fire, which Griffith alleged caused over $1.2 million dollars of damage.  After the date of the fire but before giving notice of intent to make a claim against Arrow, Lexington Insurance Company authorized Griffith to clean up the site of the fire.  Griffith cleaned up the site and disposed of all evidence of the fire.  Almost one month after the fire site was cleaned up, on July 21, 2008, a notice was mailed to Arrow of plaintiffs' intent to hold Arrow responsible for the fire and resulting damage.

Mr. Burress testified that during the fueling he walked away from Arrow's truck to talk to some Griffith employees.  While Mr. Burress was talking to the Griffith employees "[o]ne of the guys hollered that fuel was spraying."  Mr. Burress testified that he ran to his truck and saw the fire.  Specifically, Mr. Burress testified that he saw the fire, but did not see fuel spilled.

After Mr. Burress saw the fire, he moved the Arrow truck.  When Mr. Burress moved the truck the fuel nozzle broke leaving the spout of the nozzle in the tank while the remainder of the nozzle stayed attached to the hose on the fuel truck.  The day after the fire, Mr. Burress took the broken nozzle to be replaced at RBM, a company where Arrow purchased "nozzles and stuff."  Mr. Burress and the RBM employees worked together to replace the nozzle. Mr. Burress testified that he traded the broken nozzle in as was his usual practice when getting a nozzle replaced.  There is no dispute that the nozzle is no longer available.  Griffith alleged in its complaint that the automatic shut off mechanism of the nozzle malfunctioned "triggering an overflow and spill of fuel which was then ignited by operating equipment nearby . . . ."

This suit was filed in January of 2011.  Arrow filed a motion for sanctions and dismissal for spoliation due to Griffith's destruction of evidence of the fire.  After a hearing, the Trial Court entered an order on November 10, 2011 finding and holding, *inter alia*:

---

[1]Many of the facts in this Opinion have not yet been established and genuinely may be disputed.  We discuss these facts only to provide background and give context to the issues raised on appeal.  The facts relevant to our resolution of this appeal are not in dispute.

11. Based on the destruction of the fire site and property, Arrow Gas & Oil, Inc. is deprived of any ability to make an examination and determine what caused the fire. This inability to investigate and make a determination as to the cause of the fire is terminal to the litigation.

12. The plaintiffs gave no notice of their intent to destroy the evidence and had no contact with the defendant at all regarding the claim until July 21, 2008. As of this date, the evidence had been destroyed for over a month.

13. The destruction of the evidence has eliminated the possibility of a defense by the defendant.

14. There is no other appropriate sanction for the spoliation of the evidence other than dismissal. Defendant, Arrow Gas & Oil, Inc.'s Motion for Sanctions and Dismissal for Spoliation is therefore granted.

Arrow filed a motion for summary judgment on its counterclaim seeking payment for the fuel delivered to the Drilling Site on the day of the fire along with a service charge and attorney's fees. Initially, the Trial Court denied Arrow's motion for summary judgment and entered an order limiting discovery to the issue of how much fuel was delivered and received and, based upon its decision to dismiss Griffith's claims due to spoliation, preventing any proof of issues of causation or ignition of the fire.

The Trial Court reiterated during a hearing on pre-trial matters, including jury instructions, that due to Griffith's spoliation the Trial Court would not allow testimony or evidence regarding from where the alleged fuel spray or overflow originated. The Trial Court then reconsidered its denial of Arrow's motion for summary judgment and entered an order granting Arrow summary judgment for the cost of the fuel and sales tax. The Trial Court denied Arrow's claim for attorney's fees. Griffith appeals to this Court.

### Discussion

Although not stated exactly as such, Griffith raises two issues on appeal: 1) whether the Trial Court erred in dismissing Griffith's claims because of spoliation; and, 2) whether the Trial Court erred in granting summary judgment to Arrow on its counterclaim.

We first consider whether the Trial Court erred in dismissing Griffith's claims for spoliation. As this Court explained in *Cincinnati Ins. Co. v. Mid-South Drillers Supply, Inc.*:

Rule 37 of the Tennessee Rules of Civil Procedure declares that the courts have the power to impose sanctions upon a party for failure to make or cooperate in discovery. A variety of sanctions are available to the court, including, in appropriate cases, "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Less severe sanctions include prohibiting parties from introducing designated evidence, refusing to allow a party to support or oppose designated claims or defenses, and striking out pleadings or parts of pleadings.

Rule 34A of the Tennessee Rules of Civil Procedure deals specifically with spoliation of evidence and declares that "Rule 37 sanctions may be imposed upon a party or an agent of a party who discards, destroys, mutilates, alters, or conceals evidence." Trial courts have wide discretion to determine the appropriate sanction to impose for discovery abuses. *Mercer v. Vanderbilt University*, 134 S.W.3d 121, 133 (Tenn. 2004); *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988); *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984).

\* \* \*

"The trial court's determination of the appropriate sanction to be imposed will not be disturbed on appeal unless the court commits an abuse of discretion." *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988). Abuse of discretion occurs only when "the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence." *White v. Vanderbilt University*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999) (citing *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)). Appellate courts should allow discretionary decisions to stand even though reasonable judicial minds can differ concerning their soundness. *White*, 21 S.W.3d at 223; *Overstreet*, 4 S.W.3d at 709.

*Cincinnati Ins. Co. v. Mid-South Drillers Supply, Inc.*, No. M2007-00024-COA-R3-CV, 2008 Tenn. App. LEXIS 39, at \*\*8-12 (Tenn. Ct. App. Jan. 25, 2008), *no appl. perm. appeal filed*.

In *Cincinnati Ins. Co.* a contract drilling company, Jackson Enterprises ("Jackson"), purchased a high pressure blue hose from Mid-South Drillers Supply, Inc. ("Mid-South"). *Id.* at \*2. After the hose was installed on the well-drilling machine an explosion and fireball occurred causing damage to the machine. *Id.* Jackson's insurer, Cincinnati Ins. Co., hired an investigator to determine the cause of the fire. *Id.* After the

investigator had examined the machine and prepared a report, Jackson retained Mid-South to fix or re-build the machine, but failed to notify Mid-South about the investigation. *Id.* at *3. During the repair process Mid-South discarded and replaced the damaged parts of the machine. *Id.* Approximately a year and a half after the cost of the repair had been paid, Jackson sued Mid-South alleging that the blue hose provided by Mid-South was unreasonably dangerous and defective and was the cause of the damage to the well-drilling machine. *Id.* at **3-4. There was some question in *Cincinnati Ins. Co.* about when the blue hose was destroyed or disposed of. *Id.* at **5-7. Initially, Jackson claimed that the investigator had retained the hose and the parties traveled to the investigator's headquarters in Georgia to examine the hose, which the investigator then was unable to produce. *Id.* at *7. Jackson later admitted that the hose had been destroyed. *Id.* This Court upheld the trial court's dismissal of the claims because "Cincinnati's failure to notify Mid-South of the results of its investigation and its agent's subsequent destruction of the blue hose, whether advertent or inadvertent, made it extremely difficult if not impossible, for the defendants to present an effective defense to counter the plaintiff's theory of the cause of the fire." *Id.* at *17.

In the case now before us the Trial Court found that Griffith's spoliation of evidence by cleaning up the site removed the possibility of a defense by Arrow and held that pursuant to the precedent of *Cincinnati Ins. Co.* dismissal of Griffith's claims was appropriate. As this Court noted, however, in *Gross v. McKenna*[2]:

> The trial court's wide discretion in imposing sanctions against parties who destroy evidence necessarily implies that the factual circumstances of the case are crucial, as we noted in *Thurman-Bryant Elec. Supply Co. v. Unisys Corp.*:
>
> > [T]he trial judge has discretion to impose sanctions on a party for the destruction or loss of evidence. The severity of the sanctions, however, *must necessarily depend upon the circumstances of each case* i.e., was the evidence lost negligently, inadvertently, intentionally, etc.
>
> *Id.*, No. 03A01-CV-00152, 1991 Tenn. App. LEXIS 870, 1991 WL 222256, at *5 (Tenn. Ct. App. W.S., filed November 4, 1991) (emphasis added).

---

[2]In *Gross v. McKenna*, the Court was dealing with Tenn. R. Civ. P. 34A, not Rule 34A.02.

*Gross v. McKenna*, No E2005-02488-COA-R3-CV, 2007 Tenn. App. LEXIS 659, at *19 (Tenn. Ct. App. Oct. 30, 2007), *Rule 11 appl. perm. appeal denied May 5, 2008*, (footnote omitted).

We find that the case now before us is factually distinguishable from *Cincinnati Ins. Co.* for a very important reason. Specifically, in the case now before us *both* sides discarded of or destroyed evidence. Griffith cleaned up the site of the fire and Arrow disposed of the allegedly malfunctioning nozzle. Arrow's disposal of the nozzle may well prevent Griffith from being able to prove that the nozzle was defective or that it malfunctioned causing the alleged overflow. Because of the spoliation, *both* sides in this case will be hindered severely in their ability to prove claims and defenses. Since both sides are guilty of spoliation and both are comparably disadvantaged as a result, dismissal of Griffith's claims for cleaning up the site is too severe a sanction. Had Griffith been the only party to commit spoliation, dismissal might well have been the appropriate sanction. Given that Arrow, however, also committed spoliation, we hold that dismissal of Griffith's claims was too severe. We, therefore, vacate the Trial Court's dismissal of Griffith's claims and reinstate those claims.

As for the issue of whether the Trial Court erred in granting summary judgment to Arrow on its counterclaim, a review of the record on appeal reveals that the Trial Court granted Arrow's motion for summary judgment after severely limiting the proof based upon the Trial Court's decision on the issue of spoliation. As we have vacated the dismissal of Griffith's claims because of spoliation and reinstated those claims, the posture of the case has changed significantly. Given this, we also vacate the grant of summary judgment to Arrow on its counterclaim.

In summary, we vacate the dismissal of Griffith's claims, vacate the grant of summary judgment to Arrow on its counterclaim, reinstate Griffith's claims, and remand this case to the Trial Court for further proceedings consistent with this Opinion. Our decision does not prevent the Trial Court, if requested, from considering and imposing less severe sanctions related to the parties' spoliation as this case proceeds through discovery towards trial.

## Conclusion

The judgment of the Trial Court is vacated as to the dismissal of Griffith's claims and vacated as to the grant of summary judgment to Arrow. Griffith's claims are reinstated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed

one-half against the appellants, Griffith Services Drilling, LLC and Lexington Insurance Company, and their surety; and one-half against the appellee, Arrow Gas & Oil, Inc.

_____
D. MICHAEL SWINEY, JUDGE