IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2021

## ANTHONY PARKER v. SCG-LH MURFREESBORO, LP ET AL.

**Appeal from the Circuit Court for Rutherford County
No. 75CC1-2019-CV-75992        Darrell Scarlett, Judge**
_____

### No. M2021-00033-COA-R3-CV
_____

Plaintiff appeals from the trial court's decision to deny his motion for discovery sanctions after granting a motion for summary judgment filed by the defendants. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON II, and W. NEAL MCBRAYER, JJ., joined.

Anthony Parker, Murfreesboro, Tennessee, Pro se.

Robert A. Cox and Ronna D. Kinsella, Memphis, Tennessee, for the appellees, SCG-LH Murfreesboro, LP, Shaun Humphries, and Intown Suites.

### MEMORANDUM OPINION[1]

### I.

On October 15, 2019, Plaintiff/Appellant Anthony Parker filed a pro se complaint for damages against Defendant/Appellee SCG-LH Murfreesboro, LP ("Appellee"), Intown

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Suites, and Shaun Humphries (collectively "Defendants").[2] Therein, Mr. Parker alleged that he suffered damages caused by bedbugs after staying at a hotel owned and operated by Appellee and managed by Mr. Humphries. According to Mr. Parker, the defendants committed negligence, violations of various Tennessee statutes related to landlords and tenants, and intentional infliction of emotional distress. Mr. Parker sought $25,000.00 in compensatory damages, as well as punitive damages, costs, and interest.

On November 15, 2019, Intown Suites filed an answer asserting that it was improperly named as a party and was not properly served with process. On the same day, Intown Suites filed a motion to dismiss the complaint against it. Therein, Intown Suites sought an award of attorney's fees incurred in defending against a frivolous lawsuit.

On November 22, 2019, Mr. Parker filed a motion for default judgment against Appellee. On the same day, Mr. Parker also filed a response to Intown Suites' answer; he later filed a response to Intown Suites' motion to dismiss.

On November 27, 2019, Appellee and Mr. Humphries filed a notice of limited and special appearance. They then filed an answer to Mr. Parker's complaint, raising as affirmative defenses, *inter alia*, failure to state a claim, insufficient process and service of process, failure to comply with Rule 10.03 of the Tennessee Rules of Civil Procedure, and lack of jurisdiction and venue. The answer also denied the material allegations made in the complaint. On the same day, Appellee filed a response to Mr. Parker's motion for default judgment, arguing that it was improper because Appellee had never been properly served. Appellee and Mr. Humphries also filed a motion to strike some of the allegations and filings made by Mr. Parker. Finally, Appellee and Mr. Humphries filed a motion to dismiss the complaint based on the affirmative defenses raised in their answer.

Mr. Parker thereafter attempted on several occasions to set his motion for default judgment for hearing. On January 10, 2020, he also filed a motion to amend the named defendants in his complaint in part to remove Mr. Humphries as a defendant. Defendants objected to the motion except to the extent that Mr. Parker wished to dismiss Mr. Humphries as a party. The trial court entered an order voluntarily dismissing Mr. Humphries as a party without prejudice on March 2, 2020. It appears that the trial court also dismissed Intown Suites without prejudice in this order. On March 13, 2020, the trial court denied Appellee's motion to dismiss. The motions to dismiss of Mr. Humphries and Intown Suites were denied as moot, as they were no longer parties to the lawsuit. On the same day, the trial court denied Mr. Parker's motion for default judgment. At Mr. Parker's request, a second order confirming that Mr. Humphries and Intown Suites were dismissed without prejudice was entered on April 9, 2020. A second order confirming the resolution of the motions to dismiss was entered on April 15, 2020.

---

[2] The October 2019 filing was Mr. Parker's third amended complaint, but the first to name the correct parties.

On May 5, 2020, Mr. Parker filed a motion to set the case for trial. Therein he noted that the parties had engaged in unsuccessful settlement negotiations and that he had answered the discovery propounded on him by Appellee. On June 12, 2020, he filed a second motion to set the case for trial, this time asking that trial be set for July 9, 2020. A trial was apparently set for August 21, 2020. On August 7, 2020, Mr. Parker filed a motion for summary judgment and supporting memorandum of law, asserting that there was "no genuine dispute of facts and evidence" such that he was entitled to compensatory and punitive damages. Mr. Parker attached several documents to his memorandum as evidence of his claims; he did not, however, file a statement of undisputed material facts in compliance with Rule 56.03 of the Tennessee Rules of Civil Procedure. On August 19, 2020, Appellee filed a response in opposition to Mr. Parker's motion for summary judgment, asking that the motion be both denied and struck.

On August 28, 2020, Mr. Parker filed a motion to set his motion for summary judgment for hearing on October 16, 2020. Although not included in the record on appeal, according to a later order by the trial court, around August 22, 2020, Mr. Parker filed his First Set of Requests for Production on Defendants in order to "stimulate a settlement." According to the trial court, Appellee timely responded to these requests, but Mr. Parker nevertheless filed a motion for sanctions on September 23, 2020, arguing that the responses were deficient, and a second motion for sanctions on September 29, 2020, due to Appellee's refusal to cooperate with his settlement efforts.

On September 29, 2020, Appellee filed its own motion for summary judgment.[3] The motion was accompanied by a memorandum of law and a statement of undisputed material facts. Therein, Appellee noted that Mr. Parker moved for summary judgment on his own behalf, "establishing that no additional or further discovery is needed and the case is ripe for summary judgment." Moreover, Appellee argued that Mr. Parker had no evidence to show any of the elements necessary to establish negligence, thereby eliminating his negligence, intentional infliction of emotional distress, and punitive damages claims. Appellee further argued that any claims under the Uniform Residential Landlord and Tenant Act ("URLTA") failed because URLTA does not apply to claims arising from hotel occupancy. *See* Tenn. Code Ann. § 66-28-102(c)(3). Appellee set a hearing on its motion for summary judgment for October 30, 2020. Mr. Parker's motion for summary judgment was apparently set for the same day.

On October 19, 2020, Mr. Parker filed a motion captioned "MOTION TO STRIKE HEARING FOR SUMMARY JUDGMENT SCHEDULE[D] FOR OCTOBER 30, 2020, BEFORE [the trial judge.]" Therein, Mr. Parker asked that the trial court "grant striking hearing as the local rule provides." It appears that around this date Mr. Parker also filed a

---

[3] The motion noted that Mr. Humphries and Intown Suites had been dismissed from the case, but named them as joining in the motion in an abundance of caution. All Defendants were represented by the same counsel throughout the trial court proceedings.

- 3 -

motion to waive oral argument on his motion for summary judgment.[4] On October 27, 2020, Appellee filed a response to Mr. Parker's motion to strike and to waive oral argument, characterizing Mr. Parker's motion as a request to strike his motion for summary judgment, rather than simply a request to strike the hearing date.

On January 12, 2021, the trial court entered an amended order granting Appellee's motion for summary judgment.[5] The trial court therefore denied Mr. Parker's motion for summary judgment as not well-taken. The trial court also denied Mr. Parker's motion for sanctions as not well-taken, and all other motions were denied as moot. Mr. Parker timely appealed.

## II.

As an initial matter, we note that Mr. Parker is self-represented in this appeal, as he was in the trial court. "While entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." **Gilliam v. Gilliam**, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." **Jackson v. Lanphere**, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting **Hessmer**, 138 S.W.3d at 903 (internal citations omitted)). "[A]lthough this Court gives pro se litigants a certain amount of leeway in their filings, . . . we have ruled that this leeway is generally reserved for those 'untrained in the law.'" **Masserano v. Masserano**, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at *5, 5 n.11 (Tenn. Ct. App. May 22, 2019) (quoting **Lacy v. Mitchell**, 541 S.W.3d 55, 59 (Tenn. Ct. App. 2016) (citing **Hessmer**, 138 S.W.3d at 903)). We keep these principles in mind in adjudicating this appeal.

## III.

Before addressing the substantive matters at issue in this appeal, we must first address the state of Mr. Parker's brief. In general, briefs to this Court are governed by Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 contains multiple requirements as to what an appellant's brief "shall contain," including a statement of the issues presented for review and

---

[4] Again, these documents are not in the record, but are mentioned in the trial court's final order.

[5] The record does not contain any order entered on the summary judgment motion prior to the entry of the amended order on January 12, 2021. In any event, Mr. Parker filed his notice of appeal to this Court in advance of this order. His notice of appeal indicates that the trial court initially entered judgment against him on December 14, 2020.

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

While Mr. Parker's brief contains many of the elements required by Rule 27(a), the above two requirements are lacking. For one, Mr. Parker does not designate a specific issue presented for review. Instead, his brief contains a section entitled "Appeal Statement." As we discern it, Mr. Parker's sole issue on appeal involves what he characterizes as the trial court's failure to rule on his motion for sanctions related to Appellee's purported discovery violations.

Additionally, Mr. Parker's brief fails to contain any references to the appellate record as required by Rule 27(a)(7)(A). This failure also runs afoul of Rule 6 of the Rules of the Court of Appeals of Tennessee, which requires "[w]ritten argument in regard to each issue on appeal" with the following:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a).

Mr. Parker's failure to include references to the record is especially troubling but unsurprising in this case because, following our review of the record on appeal, we find no evidence of the very motions that he argues were not properly decided in this case—his motions for sanctions. Indeed, the record on appeal simply does not contain any discovery

propounded by Mr. Parker, no responses provided by Appellee, nor any motions for sanctions filed by any party. As the appellant, it was Mr. Parker's duty "'to prepare an adequate record in order to allow meaningful review on appeal.'" *Duke v. Duke*, 563 S.W.3d 885, 906 (Tenn. Ct. App. 2018) (quoting *Bedford Cty. v. Bialik*, No. M2001-00681-COA-R3-CV, 2002 WL 31039383, at *2 (Tenn. Ct. App. Sept. 12, 2002)). Without these necessary documents, Mr. Parker did not fulfill that duty.

Mr. Parker attempts to correct this error by attaching various documents to his appellate brief, including a motion for sanctions and Appellee's purported response to Mr. Parker's request for production of documents. It is well-settled, however, that we cannot consider documents attached to appellate briefs that are not otherwise included in the appellate record. *See, e.g.*, Tenn. R. App. P. 13(c) ("The . . . Court of Appeals, . . . may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14 [regarding motions for consideration of post-judgment facts]."); Tenn. Ct. App. R. 6 ("No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded."); *Carney v. State*, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at *4 (Tenn. Crim. App. Oct. 17, 2007) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal") (internal citation omitted); *Jackson v. Aldridge*, 6 S.W.3d 501, 502 (Tenn. Ct. App. 1999) ("We cannot consider this factual information because it is not part of the appellate record."). As such, we are constrained to review only those documents that are present in the record on appeal. *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (citing *Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710 (Tenn. 2005)) ("This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate."). The documents attached to Mr. Parker's appellate brief that are not otherwise included in the record on appeal will therefore not be considered by this Court.[6]

Turning to the substantive issue presented, we note that a trial court's decision to grant or deny a request for discovery sanctions is reviewed for an abuse of discretion. *Griffith Servs. Drilling, LLC v. Arrow Gas & Oil, Inc.*, 448 S.W.3d 376, 379 (Tenn. Ct. App. 2014) (citing *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988)). "Abuse of discretion occurs only when 'the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence.'" *Id.* (quoting *White v. Vanderbilt University*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)). "'The burden of establishing abuse of discretion is on the party seeking to overturn the trial court's ruling on appeal.'" *In re NHC-Nashville Fire Litig.*, 293 S.W.3d 547, 659 (Tenn. Ct. App. 2008) (quoting *Ballard v. Herzke*, 924 S.W.2d 652 (Tenn. 1996)).

---

[6] Both Mr. Parker and Appellee attached the trial court's final order to their appellate briefs. Because this document is included in the appellate record, it may be considered on appeal.

Here, despite Mr. Parker's insistence otherwise, the trial court did not ignore his motion for sanctions, but expressly denied the motion after granting Appellee's motion for summary judgment. Without the benefit of the discovery propounded on Appellee, Appellee's responses, or Mr. Parker's motions for sanctions, we are simply unable to conclude that Mr. Parker met his high burden to show an abuse of discretion in the trial court's decision. *Cf. **Duke***, 563 S.W.3d at 906 (holding that we could not review the trial court's decision to deny a motion to recuse without being provided a copy of the trial court's written order). As such, the trial court's ruling must be affirmed. All other arguments not specifically addressed are pretermitted.

## IV.

The judgment of the Rutherford County Circuit Court is affirmed, and this cause is remanded for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant Anthony Parker, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE