IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 2, 2023

**PEJHMAN EHSANI v. EUGENIA MICHELLE EHSANI**

**Appeal from the Circuit Court for Davidson County**
**No. 20D588  Phillip R. Robinson, Judge**

_____

**No. M2022-01819-COA-R3-CV**

_____

This appeal arises from an order granting, among other discovery sanctions, a default judgment against Husband in a divorce proceeding. Husband questions whether the trial court abused its discretion in entering sanctions against him. Because the trial court did not engage in the necessary analysis regarding its reasoning for granting the discovery sanctions, we vacate the sanctions order, as well as the subsequent orders that followed, including the order granting the parties' divorce. This disposition pretermits inquiry into issues Husband has raised on appeal with respect to trial court determinations that followed the sanctions. Moreover, as to a remaining matter raised by Husband on appeal, we conclude that the issue is waived due to Husband's failure to comply with applicable briefing requirements.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in Part, Affirmed in Part, and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Kenneth James Phillips, Oak Grove, Kentucky, for the appellant, Pejhman Ehsani.

Gere L. Beason, Nashville, Tennessee, for the appellee, Eugenia Michelle Ehsani.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

This case concerns a contested divorce involving two minor children, initiated by Appellant Pejhman Ehsani ("Husband") on April 21, 2020. In response, Appellee Eugenia Ehsani ("Wife") filed a counterclaim for divorce. The history of this case is characterized by numerous pre-trial motions filed by both parties concerning failure to comply with

discovery, orders of protection sought by both parties, and scheduling matters.

Salient to this appeal, Wife eventually filed a motion for sanctions, to strike Husband's pleadings, for default, and for attorney's fees. Following a hearing on Wife's motion, the trial court entered an order granting the motion to strike Husband's pleadings and for default judgment on May 4, 2022. In support of the sanctions, the trial court's order merely states, without setting forth its reasoning, that it "grants Wife's motion under Tennessee Rules of Civil Procedure 37.02 for Husband's Failure to Comply with Court Orders." No other considerations are discussed, nor details given. After a subsequent hearing on the default judgment, the trial court entered an order, styled "Order on Default Hearing," in which it resolved various issues in connection with its grant of a divorce to Wife. This appeal followed.

## ISSUES PRESENTED

Husband raises several issues in this appeal. He first questions whether the trial court's decision to award Wife a default judgment as a discovery sanction was overly punitive. He next questions whether an extension of an order of protection, which occurred during the pendency of the divorce proceeding, was untimely entered by the trial court. Additional issues relate to the trial court's disposition in the order granting a divorce to Wife, namely whether Husband was denied the opportunity to be heard on a five-year extension of the aforementioned order of protection[1] and whether the trial court erred in limiting his parenting time.

As discussed later in this Opinion, our disposition concerning the sanctions issue pretermits review of Husband's concerns related to the subsequent order granting Wife a divorce. Husband's remaining issue regarding the extension of Wife's order of protection that occurred during the earlier pendency of the divorce proceeding has been waived due to Husband's failure to adhere to applicable briefing requirements.

## STANDARD OF REVIEW

Findings of fact made by a trial court are reviewed de novo, with a presumption of correctness unless the evidence preponderates against them. Tenn. R. App. P. 13(d). Conclusions of law are reviewed de novo and are not accorded any presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). "Appellate courts review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard." *Alexander v. Jackson Radiology Assocs., P.A.*, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004). An abuse of discretion

---

[1] Although the five-year extension of the order of protection occurred as part of the divorce decree, another of Husband's issues on appeal, as noted herein, concerns the timeliness of an earlier extension of the order of protection that occurred during the pendency of the divorce proceedings.

occurs if the trial court applies an incorrect legal standard, reaches an illogical decision, or causes an injustice to a complaining party. *Id.*

## DISCUSSION

*Sanctions Order*

We turn first to the trial court's order granting sanctions against Husband. Rule 37.02 of the Tennessee Rules of Civil Procedure allows trial courts to impose a variety of sanctions arising from a party's failure to obey orders related to discovery, and although trial courts have "broad discretion when sanctioning a party for failing to comply with the discovery rules or orders of the court," *Gordon v. Chapman*, No. W2019-01655-COA-R3-CV, 2020 WL 7861471, at *2 (Tenn. Ct. App. Dec. 22, 2020), trial courts' decisions to sanction a party are in no way immunized from appellate review. Indeed, discretionary decisions such as sanctions

> "are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (quoting Martha S. Davis, Standards of Review: Judicial Review of Discretionary Decisionmaking, 2 J. App. Prac. & Process 47, 58 (2000) (citations and internal quotation marks omitted)). Thus, an abuse of discretion may be found "'when the trial court has gone outside the framework of legal standards or statutory limitations, or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination.'" *Lewis*, 235 S.W.3d at 141 (quoting 2 J. App. Prac. & Process at 59).

*SpecialtyCare IOM Servs., LLC v. Medsurant Holdings, LLC*, No. M2017-00309-COA-R3-CV, 2018 WL 3323889, at *3 (Tenn. Ct. App. July 6, 2018).

A trial court must consider "whether the sanction is proportional to the failures at issue," *Adams v. Illinois Cent. R.R. Co.*, No. W2020-01290-COA-R3-CV, 2022 WL 170134, at *11 (Tenn. Ct. App. Jan. 19, 2022), and a severe sanction such as the entry of a default judgment is only appropriate if there is a clear record of delay or contumacious conduct. *Medsurant Holdings, LLC*, 2018 WL 3323889, at *18; *see also Langlois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 357 (Tenn. Ct. App. 2009) (noting that dismissal is normally appropriate only where there has been a clear record of delay or contumacious conduct). When determining which sanction is appropriate for a party's abuse or violation of the discovery process, a trial court should consider the following factors outlined in *Mercer v. Vanderbilt University, Inc.*, 134 S.W.3d 121 (Tenn. 2004): "(1) the party's explanation for not providing evidence during discovery; (2) the importance of the evidence; (3) the other party's need for time to prepare to meet the evidence; and (4) the possibility and propriety of granting a continuance." *Adams*, 2022

WL 170134, at *8 (citing to *Mercer* and discussing the factors).

This Court has recently discussed the application of these factors in the above-cited case of *Adams v. Illinois Central Railroad Company*, where the sanction on appeal amounted to the dismissal of a party's claims. *Adams* concerned a complaint made under the Federal Employer's Liability Act. *Id.* at *1. The trial court in *Adams* entered its first scheduling order on January 15, 2020, directing that the plaintiff designate any expert witnesses by March 18, 2020, and accompany the designation by supplemental interrogatory answers as well as expert witness information pursuant to Rule 26.02 of the Tennessee Rules of Civil Procedure. *Id.* The plaintiff's counsel did not designate two particular expert witnesses until March 27, 2020. *Id.* Furthermore, the plaintiff's counsel did not provide the expert witnesses' narrative reports as directed by the trial court's scheduling order. *Id.* at *2. In response, the defendant filed its motion to exclude the plaintiff's expert witnesses and, in tandem, a motion for summary judgment. *Id.* at *2-3.

Following a hearing on the motion for sanctions and for summary judgment, the *Adams* court orally granted both the motion to exclude the plaintiff's experts and for summary judgment. *Id.* The trial court's subsequent order, which incorporated the transcript from the associated hearing, set forth the plaintiff's discovery abuses in great detail in support of its ruling. *Id.* at 3-4.

On appeal, we explained that, when discovery sanctions amount to a dismissal, a heightened review is appropriate. *Id.* at *8. Furthermore, we found that the exclusion of the plaintiff's expert witnesses was tantamount to a dismissal of the plaintiff's case, and indeed led to a summary judgment. *Id.*

In assessing whether the sanction in *Adams* was ultimately appropriate, we highlighted the various deficiencies in the trial court's order granting exclusion of the plaintiff's expert witnesses. Although the trial court's order did assess the plaintiff's excuse for his failure to provide discovery information as ordered in the scheduling order and also detailed the plaintiff's discovery abuses, it made no "specific finding that [plaintiff's] conduct was contumacious, intentional, blatant, or otherwise so egregious as to justify the harshest sanction available." *Id.* at *11. Moreover, the order failed to consider whether other sanctions were available, or the proportionality of its own sanction. *Id.* As to remaining *Mercer* factors, the order made no mention at all of the importance of the evidence, the defendant's need for time to prepare to meet the evidence, or the possibility and propriety of granting a continuance *Id.* at *11-13; *see generally Mercer*, 134 S.W.3d at 133 (discussing the various factors that should be considered by the trial court).

In light of the deficiencies in the trial court's order, the *Adams* court vacated the sanctions order and remanded for further proceedings. *Id.* at *13. In relevant part, we noted that where the trial court chooses to impose a harsh sanction at its disposal, "it is not too heavy a burden to require the trial court to consider each relevant factor in a manner that

- 4 -

affords meaningful appellate review." *Id.*

Returning to the case at hand, we observe that the trial court's order offers even less insight than the order in *Adams*. Indeed, the order granting Wife's motion for sanctions contains just a few sentences, only one of which even provides remote insight as to the basis behind the trial court's decision. Following its exposition of initial prefatory information, such as when the motion came to be heard, the trial court's order simply states that it grants sanctions against Husband, including a default judgment, "for Husband's Failure to Comply with Court Orders."[2]

Although our own review of the record has revealed apparent instances of Husband's misconduct in discovery, as well as violations of other pre-trial orders, the trial court is best positioned to make the specific determinations required to make such a finding, not the appellate court. *See In re Noah J.*, No. W2014-01778-COA-R3-JV, 2015 WL 1332665 at *5 (Tenn. Ct. App. Mar. 23, 2015) (explaining that trial judges' ability to personally observe court proceedings positions them to better understand issues that affect fact finding, such as witness credibility). Simply stating that Husband failed to comply with court orders leaves this Court with no insight into the specific incidents that the trial court found to warrant the harsh sanctions of striking Husband's pleadings and entering a default judgment against him.

In addition to the lack of specific findings, the trial court's order fails to make use of, or even mention, the factors outlined in *Mercer*. *See* 134 S.W.3d at 133. There is no discussion of Husband's excuses, the importance of the evidence, Wife's need for time to prepare to meet such evidence, or the possibility or propriety of granting a continuance. Furthermore, there is no finding as to whether Husband's behavior was contumacious, and no discussion of the proportionality of the sanctions entered. Of course, these deficiencies are compounded by the fact that the order strikingly fails to designate what prior orders are even at issue. We highlight that the sanctions order at issue in this appeal is, in comparison, notably sparser than the order at issue in *Adams*. In sum, the bare-bones nature of this sanctions order thwarts any kind of meaningful appellate review. Because we are unable to discern what legal standard, reasoning, or even violations underpin the sanctions order on appeal, we vacate the order and remand for findings and determinations consistent with the severity of the sanctions.[3]

---

[2] Both parties on appeal appear to, at times, misconstrue which order actually granted sanctions against Husband. There is an order, simply titled "Order," filed on May 4, 2022, and there is a subsequent order styled "Order on Default Hearing," filed on July 28, 2022. While both parties seem to refer to both orders as granting the default judgment, we note that the order of May 4, 2022, is the order granting the sanctions, including the default judgment, in this case. The July 28, 2022, order operates to grant the divorce pursuant to the default judgment granted in the earlier order.

[3] In issuing this Opinion, we are not commenting on the potential of granting a default judgment, or other sanctions, against Husband. Such sanctions may very well be appropriate in this case. However, the complete lack of findings or analysis frustrates our review of whether such an order constitutes an abuse

As we noted earlier in this Opinion, Husband has raised additional issues in this appeal that relate to actions of the trial court post-sanctions, namely rulings of the trial court that are included in the "Order on Default Hearing" that followed the sanctions order. Based on our disposition concerning the sanctions issue, which vacates the trial court's order awarding a default, we conclude that the ensuing "Order on Default Hearing" which, among other things, granted the divorce, should also be vacated.[4] *See Griffith Servs. Drilling, LLC v. Arrow Gas & Oil, Inc.*, 448 S.W.3d 376, 381 (Tenn. Ct. App. 2014) (determining, after vacating a trial court's order granting sanctions, that orders made in reliance of said sanctions should also be vacated). Accordingly, we pretermit review of Husband's additional issues and concerns that pertain to the "Order on Default Hearing."

*Waiver*

Finally, we turn to the remaining issue on appeal concerning the trial court's extension of an order of protection during the pendency of the divorce proceedings. As to that issue, we observe that Husband lacks *appropriate* references to the record in the argument section of his appellate brief. This omission amounts to noncompliance with the Tennessee Rules of Appellate Procedure as well as the rules of this Court. Indeed, Rule 27 of the Tennessee Rules of Appellate Procedure mandates that appellate briefs contain, among other things, the following:

> (a)    Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> . . . .
>
> (7)    An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A)    the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and **appropriate references to the record** (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a)(7)(A) (emphasis added). Moreover, Rule 6 of the Rules of the Court of Appeals of Tennessee states:

---

of discretion.

[4] As signaled in the summary preceding the beginning of our Opinion, our decision to vacate the sanctions order also results in the vacation of the subsequent orders that followed the entry of the trial court's sanctions.

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. **No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.**

Tenn. Ct. App. R. 6(b) (emphasis added).

We have previously stated that a party's "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).

Here, although Husband's argument concerning this issue contains citations to the record, we cannot discern how the included references actually support his assertions. Husband's issue asserts that Wife's order of protection ended on December 15, 2020, and that a subsequently entered order purporting to extend the order of protection was untimely. Although Husband's argument appears to hinge on the assertion that the order of protection was dissolved as of December 15, 2020, he fails to provide a reference to the record *supporting* his contention that the order of protection, in fact, terminated on December 15, 2020.[5] In keeping with the dictates of Rule 6 of the Rules of the Court of Appeals of Tennessee, we will not consider an assertion of fact that is not supported by a reference to the record. In light of Husband's failure to comply with briefing requirements, this remaining issue is waived.[6]

## CONCLUSION

In light of the foregoing discussion, the trial court's judgment is vacated in part and affirmed in part. In pertinent part, the order granting a default judgment and other sanctions against Husband is vacated, as are the ensuing orders that followed the court's sanctions order including the order granting a divorce to Wife. Although we pretermit the issues Husband raises concerning the divorce, the sole remaining issue in this appeal regarding the extension of Wife's order of protection, occurring during the earlier pendency of the proceeding, has been waived due to Husband's noncompliance with Rule 27 of the

---

[5] In relation to this issue, Husband specifically cites to an "Order Extending Order of Protection" entered nunc pro tunc to December 18, 2020, as support for his contention. Of course, this reference demonstrates that the order of protection was extended. However, Husband cites to this same document for the proposition that, barring an extension, the order was to end on December 15, 2020. There is no language in the document cited that supports his assertion concerning the termination date. Because the validity of his argument hinges on the veracity of this termination date, we deem the issue to be waived due to Husband's failure to provide an actual record reference that substantiates his contention.

[6] Wife has requested attorney's fees incurred in connection with her defense of this appeal, arguing that Husband's appeal was frivolous. Due to our disposition in this Opinion and our discretion pursuant to Tennessee Code Annotated section 27-1-122, we respectfully decline Wife's request for attorney's fees.

Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee. The case is hereby remanded for further proceedings consistent with this Opinion. Although the order granting Wife a divorce is presently vacated, the parenting plan incorporated therein shall remain in effect for the stability of the children pending the trial court's actions on remand.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE
